UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FERNANDO RIVERA,

                Plaintiff,

                                              **Hon. Hugh B. Scott**

                v.

                                              03CV830

                                              (CONSENT)

GLENN S. GOORD, et al.,

                                              **ORDER**

                Defendants.
_____

Before the Court is defendants Jeziorski[1] and Tomaselli's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b), because they contend the action is time barred as to them (Docket No. 32). Defense counsel notes that the other remaining defendants Dlugokinski, Doyle, and Clark had not been served with the Amended Complaint but, if they were served, the motion would apply to them as well (see Docket No. 33, Defs. Memo. of Law at 2-3; Docket No. 34, Order at 1 n.1). The parties previously consented to proceed before the undersigned as Magistrate Judge (Docket No. 18, June 28, 2004).

The Court issued a briefing schedule for this motion, with responses due by April 7, 2006, and any reply due by April 13, 2006. The motion was deemed submitted without oral argument as of April 13, 2006. (Docket No. 34.) Also before the Court is plaintiff's motion for extension of time to respond (Docket No. 35); there, plaintiff, a pro se inmate in state custody,

---

      [1]The Court adopts defendants' spellings for their names, see Docket No. 33, Defs. Memo. at 1.

seeks 90 days due to his problems having access to the law library in his current facility and his anticipated transfer to another facility within the next 30 days (id.).

Given the Court's review of its own record in this matter, see Fed. R. Evid. 201(b), including facts not within the knowledge of the parties, the Court now considers the motion submitted without further papers from plaintiff (despite his request for an extension of time to so respond) or defendants. The Court's correspondence, while contained in the Court Clerk's paper file for this case, is not in the record or noted in the docket.[2]

## BACKGROUND

Plaintiff alleged that he was assaulted and molested on October 6, 2000, while incarcerated at Wende Correctional Facility. Although the Complaint in this action was dated September 21, 2003 (Docket No. 1), the Court filed the Complaint on November 5, 2003. Plaintiff commenced this 42 U.S.C. § 1983 excessive force action against defendants Commissioner of the New York State Department of Correctional Services Glenn Goord, the New York State Department of Correctional Services, corrections sergeant Timothy Jeziorski, corrections officer Edward Tomaselli, and four John Doe defendant officers, and Carol Doe unknown corrections nurse (Docket No. 1). Plaintiff also filed a motion for in forma pauperis status on November 5, 2004 (Docket No. 2).

Although the Complaint was filed by the Court on November 5, 2003 (Docket No. 1), the Court's correspondence acknowledges receipt of the Complaint and his in forma pauperis

---

[2] Attached hereto as an Appendix is a copy of the correspondence, Pro se Writ Clerk's Letter to Plaintiff, dated September 25, 2003; Pro se Writ Clerk's Letter to Plaintiff, dated October 28, 2003; Court Clerk's Letter to Superintendent, Plaintiff's Facility, dated November 11, 2003, cited in this Order. The electronically docketed version of this Order has attached a PDF file containing copies of this correspondence.

application (see Docket No. 2, dated Sept. 21 and Oct. 8, 2003) on September 25, 2003, stating that plaintiff needed to "complete, date and sign the enclosed application to proceed in forma pauperis." The letter concluded that "upon receipt of the completed application, we will begin to process your legal action"(letter of Sept. 25, 2003). That letter did not indicate that plaintiff had to pay the filing fee or make arrangements for its payment.

On October 28, 2003, the Court Clerk rejected these papers for filing absent plaintiff's payment of the filing fee (then $150) or execution of an authorization to have the fee deducted from his prison account (letter of Oct. 28, 2003), see Prison Litigation Reform Act, Pub. L. No. 104-134, tit. VIII, § 804, codified at 28 U.S.C. § 1915(b)(1). Finding that plaintiff provided insufficient information on his application to determine his in forma pauperis application, the Court then ordered plaintiff to file a complete in forma pauperis application, including either payment of the filing fee or execution of the prison certification, by December 10, 2003 (Docket No. 3, Order of Nov. 7, 2003). On November 11, 2003, the Court Clerk then wrote to the superintendent of plaintiff's then-current facility, to make arrangements to deduct either the full filing fee amount or incremental payments for the fee (letter of Nov. 11, 2003). Plaintiff submitted the completed application on November 12, 2003 (Docket No. 4).

On February 6, 2004, the Court ordered service of the Complaint upon the named defendants and directed defendants to answer the Complaint (Docket No. 5). Defendants moved to dismiss the Complaint as to Commissioner Goord, Jeziorski, and Tomaselli (Docket No. 10). Plaintiff then filed a motion for leave to amend the Complaint (Docket No. 13) naming the John Doe defendants as correction employees Dlugokinski, Doyle, and Clark and dismissing his claims against Commissioner Goord and nurse Carole Doe (see Docket No. 33 Defs. Memo. of

Law at 2). After consenting to Magistrate Judge jurisdiction (Docket No. 18) and granting a few extensions (see Docket Nos. 16, 20), plaintiff again filed for leave to amend his Complaint (Docket No. 21), naming defendant Clark as one of the John Doe defendants (see Docket No. 23, Order, at 3). The Court granted in part and denied in part defendants' motion to dismiss (Docket No. 23), denying on the grounds that plaintiff failed to state this Court's subject matter jurisdiction under the Prison Litigation Reform Act, Pub. L. No. 104-134, tit. VIII, § 803(d), codified at 42 U.S.C. § 1997e, but granted the dismissal of claims against defendants in their official capacities. The Court also granted plaintiff leave to amend the Complaint and dismissed with prejudice claims against Goord and Carole Doe (Docket No. 23).

At a status conference on December 6, 2005, the Court noted that plaintiff had not filed the Amended Complaint and plaintiff stated his intention to file and serve an Amended Complaint (Docket No. 27). The Court ordered plaintiff to so file that amended pleading by January 9, 2006 (Docket No. 28), and later granted plaintiff an extension of time to file that pleading to March 3, 2006 (Docket No. 30). Plaintiff filed his Amended Complaint (dated February 24, 2006, and received in the Chambers of the undersigned on March 6, 2006) on March 8, 2006 (Docket No. 31).

The moving defendants (those served with that amended pleading) make their present motion to dismiss (Docket No. 32). They argue that the original Complaint was time barred (hence barring its amendment) under the three-year statute of limitations for federal civil rights claims under New York law (Docket No. 33, Defs. Memo. at 3).

**DISCUSSION**

The statute of limitations for federal civil rights violation is three years, borrowing New York's statute of limitations for similar claims, Owens v. Okure, 488 U.S. 235, 251 (1989); see N.Y. CPLR 214(2); Board of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 487-91 (1980).  The issue here is whether plaintiff commenced this action within the limitations period and to address that issue, the Court must examine the process plaintiff used to file his Complaint and in forma pauperis application.

Plaintiff's alleged assault occurred on October 6, 2000, and timely claims arising from that incident could have been filed as late as October 6, 2003.  This timing issue, then, turns on whether the plaintiff is responsible for the delay in filing of his Complaint due to the requirement that he pay the filing fee or make arrangement for its payment while he was applying for in forma pauperis status despite his submission of the pleading within the limitations period.  Defendants would not be aware of the status of plaintiff's in forma pauperis application without actually reviewing the Court Clerk's paper file for this action.  The docket, however, does not reveal these prior steps,[3] leading defendants to believe that the Complaint was filed out of time.  Plaintiff sent

---

[3] In the future, the Court Clerk should somehow note in the docket when a pro se plaintiff (particularly an inmate proceeding pro se) submits his or her Complaint for filing with an in forma pauperis application, for the Court to determine (if challenged, as here) whether that pleading and application are timely under the applicable statute of limitations.  This is especially important since the Court has implemented its electronic case management and case filing system and reliance on paper documents (such as the original Complaint and the correspondence discussed above) is diminishing, but this paper record still remains since pro se parties are excepted from the ECF system, see Admin. Procedures Guide § 2(o)(i)(4), at 14 (June 2004).  As noted above, the correspondence from the Clerk's office and the Pro Se Clerk's office to a plaintiff is not docketed.  So, absent pulling the paper file on this case, no one would be aware of the timing and status of the in forma pauperis application.  This notation may be in the docket entry for the filed Complaint and not necessarily made before the Complaint is accepted for filing.

the Complaint to the Court within the three-year statute of limitations period for his civil rights claims. The Clerk's Office notified him of his obligation under the Prison Litigation Reform Act to pay the filing fee three weeks after the statute of limitations period ran, with a formal Order to that effect entered one week later (Docket No. 3).

Cases decided prior to the enactment of the Prison Litigation Reform Act in 1996 held that the application for in forma pauperis status with a Complaint constituted commencing an action for statute of limitations purposes even though the pleading technically could not be field until in forma pauperis status is granted, see Mack v. Salarna, 684 F. Supp. 865, 866 (E.D. Pa. 1988). Courts have also held that the statute of limitations is tolled for the pendency of the in forma pauperis application, see McCrum v. Elkhart County Dep't of Public Welfare, 806 F. Supp. 203 (N.D. Ind. 1992) (under Indiana's two-year statute of limitations, citing Dugan v. Ball State Univ., 815 F.2d 1132, 1135 (7th Cir. 1987)). McCrum is similar to the procedural history of this case. There, an inmate plaintiff sent for filing a complaint and an application for in forma pauperis status on December 2, 1991, for incidents in October 1989 that led to a state court proceeding in January 1990 that removed his children from his custody. The court required the plaintiff to submit financial information in support of his in forma pauperis application, which plaintiff did by December 23, 1991. On February 13, 1992, the court sent notice of further defects in the service of plaintiff's papers. On February 27, 1992, plaintiff cured the defects and amended the Complaint and, on April 3, 1992, the court granted in forma pauperis status and "filed" his pleadings. 806 F. Supp. at 205, 207. The defendants moved to dismiss arguing, in part, that the action was untimely. The court disagreed, holding that the applicable statute of limitations was tolled during the pendency of the in forma pauperis application. Id. at 207; see

also Coulibaly v. T.G.I. Friday's, Inc., 623 F. Supp. 860, 862 (S.D. Ind. 1985).  "Although the defendants were served with a complaint marked 'filed' on April 3, and no doubt were unaware of the earlier proceedings with respect to complaint and the petition to proceed in forma pauperis, the complaint was timely filed." McCrum, supra, 806 F. Supp. at 207.  Quoting the United States Court of Appeals for the Seventh Circuit, the district court in McCrum held that a complaint is deemed filed under Rule 3 when it is placed in the custody of the district court clerk, id. (quoting Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 757 n.5 (7th Cir. 1988)).

Courts in this Circuit have held that provided a pro se plaintiff's Complaint is timely submitted to the Court Clerk and the plaintiff is applying for in forma pauperis relief, the action should be deemed timely despite service after the running of the limitations period.  See Toliver v. Sullivan County, 841 F.2d 41, 42 (2d Cir. 1988); Kavavanjian v. Rice, No. 03CV1923, 2005 U.S. Dist. LEXIS 13653, at *6 (E.D.N.Y. June 6, 2005) (service under Rule 4(m) tolled by pending in forma pauperis application once application is granted); Sidney v. Wilson, 228 F.R.D. 517, 523 (S.D.N.Y. 2005).  The court in Sidney acknowledged the comment from the Advisory Committee Note for the 1993 amendment to Rule 4 that courts should take care to protect pro se plaintiffs from the consequences of confusion and delay attendant to resolving an in forma pauperis application.  228 F.R.D. at 523 (quoting Fed. R. Civ. P. 4(m), Advisory Comm. Notes on 1993 amendments, Subdiv. (m)).  The statute of limitations is tolled while the in forma pauperis application is pending, Janneh v. Regency Hotel, 879 F. Supp. 5, 6 (N.D.N.Y. 1995) (citing cases).

The Prison Litigation Reform Act does not appear to change this timing where the inmate plaintiff also applies for in forma pauperis status.  That act added a new subsection (b) to

28 U.S.C. § 1915, the proceedings in forma pauperis statute, that required prisoners bringing a civil action to pay the filing fee despite their application for poor person status, 28 U.S.C. § 1915(b)(1). This legislation does not address the tolling of the statute of limitations while an in forma pauperis application is pending and is silent as to commencement of an action; rather, it merely requires an inmate plaintiff to pay the filing fee or make arrangement for that payment despite his or her application for in forma pauperis status. Under Rule 3, "a civil action is commenced by filing a complaint with the court." Section 1914(a) of title 28 of the United States Code provides that "the clerk of each district shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee," which was $150 when the plaintiff here commenced this action[4]. But the timely payment of this fee is not a jurisdictional requisite, see Wrenn v. American Cast Iron Pipe Co., 575 F.2d 544, 547 (5th Cir. 1978). The requirement under § 1915(b) that an inmate pro se plaintiff pay the filing fee does not create a jurisdictional prerequisite to the filing of his Complaint that would render it untimely if that payment arrangement is not made during the statute of limitations period.

Plaintiff's Complaint (and thus his Amended Complaint, see Fed. R. Civ. P. 15(c)) was timely when plaintiff sent it to the Court by September 25, 2003, with his in forma pauperis application.[5] Especially given the fact that this Court granted plaintiff additional time to file a

---

[4] That fee has been increased by Congress and is now $350, 28 U.S.C. § 1914(a), Deficit Reduction Act of 2005, Pub. Law No. 109-171, tit. X, subtit. A, § 10001(a), 119 Stat. 183 (effective Apr. 9, 2006), and was $250, 28 U.S.C. § 1914(a), Pub. Law No. 108-447, Div. B, tit. III, § 307(a), 118 Stat. 2895 (2004).

[5] Alternatively, a pro se litigant's papers can be deemed to have been filed when they are placed in the hands of prison officials for mailing, see Houston v. Lack, 487 U.S. 266, 271 (1988); see also Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), modified on reh'g, 25 F.3d 81 (2d Cir. 1994), applicable if that litigant contends that prison officials somehow hindered his

completed in forma pauperis application with the necessary authorizations otherwise outside of the limitations period, this Complaint should not be time barred merely because the parties were awaiting either Court action on a completed application or payment of the filing fee upon an extended deadline (see Docket No. 3). The pendency of plaintiff's in forma pauperis application tolled the running of the statute of limitations until that application was decided, see Janneh, supra, 879 F. Supp. at 6; McCrum, supra, 806 F. Supp. at 207; see also Toliver, supra, 841 F.2d at 42, thus rendering his Complaint timely.

With the denial of defendants' motion to dismiss, plaintiff's motion to extend the time to respond to that motion is deemed moot.

## **CONCLUSION**

For the reasons stated above, defendants Jeziorski and Tomaselli's motion to dismiss (Docket No. 32) is **denied**; plaintiff's motion for extension of time to respond (Docket No. 35) thus is deemed **moot**.

So Ordered.

／s／Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 18, 2006

Appendix: Pro se Writ Clerk's Letter to Plaintiff, dated September 25, 2003
Pro se Writ Clerk's Letter to Plaintiff, dated October 28, 2003
Court Clerk's Letter to Superintendent, Plaintiff's Facility, dated November 11, 2003

---

ability to respond. Here, plaintiff apparently placed the Complaint and his in forma pauperis application in the prison mailing system between September 21 (the date when the Complaint was dated by plaintiff) and September 25, 2003 (the date when the Court Clerk acknowledged their receipt). Under the Houston v. Lack mailbox rule, the Complaint was deemed filed sometime in September 2003, and hence is not time barred.