UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FERNANDO RIVERA,

                Plaintiff,

                v.

COMMISSIONER GLENN GOORD, et al.,

                Defendants.

**Hon. Hugh B. Scott**

03CV830

(CONSENT)

**Order**

      Plaintiff in this action has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e). (Docket No. 42).

      Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. See In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986). The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

Here, plaintiff argues that he needs counsel to obtain documents from defendants that are arguably beyond production to him as pro se inmate under New York State law (Docket No. 42, Pl. Appl. at 2, citing N.Y. Pub. Officers L. § 87; N.Y. Civ. Rts. L. § 50-a(1)). In particular, plaintiff seeks investigative reports from the Department of Correctional Services' inspector general (id. at 3). He argues that counsel could also conduct a factual investigation, interviewing witnesses and Department of Correctional Services' staff regarding the underlying incident (id. at 4). He contends that the legal issues, while initially appear simple, involve issues "intricately interwoven into the matrix of New York State administrative law governing prisons" (id. at 6-7, citing N.Y.S. DOCS Directive No. 4910, Control & Search for Contraband; N.Y.S. DOCS Div. of Health Servs. Policy & Procedural Manual). He contends that he does not have these regulations, but believes that defendants could produce them to the Court (id. at 7).

The Court has reviewed the facts presented herein in light of the factors required by law. Based on this review, plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE AT THIS TIME**. Plaintiff (even assisted by a paralegal within his current facility, see id. at 1, ¶ 2) is capable enough to proceed on his own to obtain discovery and make whatever motions he may require to advance his case. Despite plaintiff point to Department of Correctional Services' regulations, the legal issues in this case remain simple and straight forward.

It remains the plaintiff's responsibility to retain his own attorney or to press forward with his lawsuit pro se.  28 U.S.C. § 1654.

So Ordered.

/s/ Hugh B. Scott<br>Hon. Hugh B. Scott<br>United States Magistrate Judge

Dated: Buffalo, New York
       September 27, 2006