UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FERNANDO RIVERA,

                        Plaintiff,

               v.

JEZIOSKY, Sergeant, et al.,

                       Defendants.

**DECISION AND ORDER
DENYING DEFENDANTS'
MOTION TO DISMISS**

03-CV-830(M)

      Before the Court is defendants' motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 41(b) and 37, for plaintiff's failure to comply with discovery requirements (Dkt. #52[1]).  Plaintiff, an inmate proceeding *pro se*, wrote to the Court on January 23, 2007 (Dkt. #49), which the Court treats as a cross motion for a protective order surrounding his deposition.  The parties previously consented to proceed before a Magistrate Judge (Dkt. #18).

## BACKGROUND

      Plaintiff alleged that he was assaulted and molested on October 6, 2000, while incarcerated at Wende Correctional Facility (Dkt. #1, Compl.).  Plaintiff commenced this action on November 5, 2003, seeking recovery under 42 U.S.C. § 1983 for defendants' alleged excessive use of force.

---

     [1] In support of this motion, defendants submitted their memorandum of law, Dkt. #53; their attorney's declaration with exhibits, Dkt. ##56, 60; declarations of Michael Guadagno, Dkt. #54, Mary Heltz, Dkt. #55, and Joseph Sreniawski, Dkt. #57.

     In opposition, plaintiff filed his response, Dkt. #61.  Previously, plaintiff wrote a letter to the Court describing the aborted deposition, which the Court filed, Dkt. #49.

The pending motions stem from defendants' attempts to depose plaintiff.  On July 18, 2006, the Court issued an Order permitting plaintiff to be deposed at his correctional facility (Dkt. #40).   Defendants served a Notice to Depose plaintiff on January 11, 2007 (Dkt. #46).  Plaintiff moved for appointment of counsel, arguing that counsel was necessary to assist him with his discovery, mainly investigating plaintiff's claims and deposing defendants.  However, plaintiff did not argue that counsel was needed to assist in his deposition. (Dkt. #42; <u>see</u> Dkt. #43, Order at 2).  The Court denied plaintiff's motion (Dkt. #43).  Plaintiff filed a Notice of Interlocutory Appeal from this denial (Dkt. #44).  Plaintiff moved by letter application to stay his deposition (Dkt. #47) pending determination of his interlocutory appeal (Dkt. #44).  The Court also denied this motion for a stay (Dkt. #48).

Plaintiff wrote to the Court following the attempted January 11, 2007 deposition indicating that defense counsel agreed to adjourn the deposition to January 16, 2007 because he was not feeling well from his medication (Dkt. #60, Defs. Atty. Decl. Ex. C).   In plaintiff's January 11, 2007 letter he also noted that there was a corrections officer present during the deposition, and stated that he felt intimidated and feared possible retaliation for his testimony (<u>id</u>).  Consequently, plaintiff requested an order that defense counsel not discuss the nature of the proceedings with corrections officers (<u>id.</u>).  This letter, which was forwarded by the Court to defense counsel on January 17, 2007, appears not to have been initially copied to defense counsel and was not filed by plaintiff or the Court.

By letter dated January 23, 2007, plaintiff again wrote to the Court concerning the attempted January 16, 2007 deposition.   According to plaintiff, during the January 16 deposition he complained that defense counsel was speaking with corrections officers posted in the visiting

room, apparently discussing plaintiff's action.  When plaintiff objected, defense counsel disregarded his concerns and proceeded to begin the deposition (Dkt. #49, letter of Jan. 23, 2007, at 1).  Plaintiff then refused to testify, since corrections officers were present in the room and he felt intimidated and feared retaliation because of his pending lawsuit (id.).  Defense counsel then had plaintiff escorted to the prison hospital to determine whether plaintiff's medication was affecting his ability to testify (id.).  Plaintiff wrote for judicial assistance to "look into this matter and take the necessary steps to insure that a proper deposition hearing is conducted, absent the presence of correction officers in the room" (id. at 2).   Plaintiff's January 23, 2007 letter was filed by the Court and deemed a motion (Dkt. #49).

Defendants recite a somewhat different verison of the events of January 16, 2007. As asserted in their motion to dismiss, after attempting to depose plaintiff on January 11, the deposition was adjourned to January 16 (Dkt. #56, Defs. Atty.  Decl. ¶¶ 5-6, Ex. A (Tr. of Jan. 11, 2007)).  Defense counsel advised plaintiff that if the deposition did not occur on January 16, defendants would move to dismiss the action (id. ¶ 7, Ex. A, Tr. at 8-9).  During the January 16 session, plaintiff stated that he would not speak to defense counsel, that he had written to the Court, and that the Court would explain this matter to defense counsel (id. ¶¶ 8, 9, Ex. B, Tr. of Jan. 16, 2007, at 4-6).  Defense counsel repeated that if plaintiff refused to proceed, she would move to dismiss the case (id.. Ex. B, Tr. at 6).  Defense counsel asked if plaintiff had a medical problem that prevented his testimony and he stated that he had a medical problem, but that it did not prevent his testimony; however, he did want to return to his cell (id., Ex. B, Tr. at 6-7). Plaintiff was directed to see nurse Mary Heltz for a medical evaluation (Dkt. #55, Heltz Decl.

3

¶7).  Plaintiff informed Ms. Heltz that he did not intend to speak to defense counsel and did not want to answer her questions (id. ¶ 8, Ex. A (Ambulatory Health Record for Jan. 16, 2007)).

Defendants now move to dismiss the Complaint[2] due to plaintiff's repeated failure to testify at his deposition (Dkt. #52).  They argue that defense counsel never discussed the substance of this action with corrections officers posted in the visiting room, and that the officers were present as a necessary safety and security precaution for deposing a person who was convicted of murder (Dkt. #60, Defs. Atty.  Decl. ¶ 11, Ex. D).  Defense counsel states that plaintiff never raised his objection to the presence of corrections officers during the January 16 deposition (id. ¶¶ 12, 14), and never asked to have the officers leave the room (id. ¶¶ 12, 13).  According to defense counsel, plaintiff did not appear intimidated (id. ¶ 12).  Defense counsel denies having any conversations with the corrections officers, as alleged in plaintiff's January 23 letter (id. ¶ 13).  Alternatively, defendants urge that if the deposition is to proceed, a security officer be present and that plaintiff be instructed to answer all questions (id. ¶ 20).

Defendants presented declarations from Attica staff concerning plaintiff's two attempted depositions.  Sergeant Michael Guadagno declared that, as a maximum security facility, Attica has certain security protocols for inmate depositions, including requiring a corrections officer to be present during the proceeding (Dkt. #54, Guadagno Decl. ¶ 5), noting that plaintiff did not object to Corrections Officer Joseph Sreniawski being present during the January 16 deposition (id.).  Sergeant Guadagno denied having any conversation with defense counsel regarding plaintiff's claim (id. ¶ 4), nor did he discuss the case with plaintiff during a brief conversation on January 11, 2007 (id. ¶ 2).  Officer Sreniawski states that he was assigned

---

[2]  In light of the superseding Amended Complaint which has been filed and served (Dkt. #52), defendants' motion will be deemed to be addressed to the Amended Complaint.

to the visiting room for both attempts at deposing plaintiff (Dkt. #57, Sreniawski Decl. ¶¶ 2, 3).

Officer Sreniawski denies having any conversation with defense counsel regarding the substance

of plaintiff's claims (id. ¶ 4).  Both Sergeant Guadagno and Officer Sreniawski report that

plaintiff entered the visiting room on January 11, 2007 alert, coherent and responsive, but that

once the deposition began, plaintiff's condition appeared to deteriorate, with him claiming that it

was due to the side effects of his medication (Dkt. #54, Guadagno Decl. ¶¶ 2-3; Dkt. #57,

Sreniawski Decl. ¶ 2).  Attica facility nurse Heltz states that plaintiff received medication on

January 4 and 11, 2007 without complaint of fatigue, and acknowledged that plaintiff's

deposition on January 11 was terminated due to plaintiff's claims of side effects from his

medication (Dkt. #55, Heltz Decl. ¶¶ 3-4, 5).  According to Ms. Heltz, the medicine prescribed to

plaintiff would not cause fatigue, and did not require bed rest (id. ¶ 6).

Plaintiff responds that he was alert and fully aware of his surroundings on January

11, 2007, and was not impaired by medication (Dkt. #61, Pl. Response at first unnumbered

page).  However, plaintiff does not comment on his condition on January 16, 2007.  Plaintiff

reminds the Court of his repeated requests for appointment of counsel that have been denied (id.

at second unnumbered page; see also Dkt. ##42, 43, 44, 47, 48).  As for defense counsel's

apprehensions about her safety during a deposition with plaintiff in his correctional facility,

plaintiff claims that the facility is equipped with "booths" that separate the inmate from other

visitors, hence not requiring the presence of corrections officers as well (Dkt. #61, Pl. Response

at 3).  Plaintiff repeats his request that the deposition not be conducted in front of corrections

officers (id. at 4) and his request for appointment of counsel (id.).

## DISCUSSION

5

## I.  DISCOVERY STANDARDS AND SANCTIONS

The parties are reminded that discovery under the Federal Rules is intended to reveal relevant documents and testimony, but by a process with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  Failure of a deponent to answer a question may be considered a contempt of Court.  See Fed.R.Civ.P. 37(b)(1).  An incomplete disclosure is treated as a failure to disclose.  See Fed.R.Civ.P. 37(a)(3).

Under Rule 37(d), various sanctions are available for failing to appear for a deposition, such as an order establishing facts, claim preclusion, striking pleadings, dismissal of the action, and imposition of attorneys' fees and costs.  See Fed.R.Civ.P. 37(d), 37(b)(2)(A), (B), and (C).

The Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(d).  See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999).  The dismissal of a claim or preclusion of evidence for failure to respond to a discovery request is a drastic remedy.  See  Burnett v. Venturi, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction); Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986).  This most severe sanction is available not just to penalize those whose conduct might warrant it but also to deter others from who might be tempted.  See id.

Additionally, under Rule 41(b), a case may be dismissed, on the merits, for plaintiff's failure to prosecute it or comply with Court orders and rules.  The Second Circuit in

<u>Peart v. City of New York</u>, 992 F.2d 458, 461 (2d Cir. 1993), set forth the following five factors

it considers when reviewing a district Court's order to dismiss an action under Rule 41(b):

> "(1) the duration of the plaintiff's failures, (2) whether plaintiff
> had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further
> delay, (4) whether the district judge has taken care to strike the
> balance between alleviating Court calendar congestion and
> protecting a party's right to due process and a fair chance to be
> heard, and (5) whether the judge had adequately assessed the
> efficacy of lesser sanctions."

As with dismissal under Rule 37(b), dismissal under Rule 41(b) is a " 'harsh remedy to be

utilized only in extreme situations,' " <u>Harding v. Federal Reserve Bank of N.Y.</u>, 707 F.2d 46, 50

(2d Cir. 1983) (quoting <u>Theilman v. Rutland Hosp.</u>, 455 F.2d 853, 855 (2d Cir. 1972)).

## II.  APPLICATION

### A.     Defendants' Motion for Sanctions or Dismissal

Defendants move under Rules 37 and 41 seeking dismissal of the Amended

Complaint for plaintiff's failure to submit to a deposition.

### 1.     Rule 37

Plaintiff, proceeding *pro se*, wrote a letter to the Court on January 11, 2007

requesting that his deposition not be conducted in the presence of corrections officers (Dkt. #60,

Defs. Atty. Decl. Ex. C).  Presumably, plaintiff assumed that a copy of his January 11, 2007

letter  was received by defense counsel by the January 16 deposition and did not indicate at the

deposition the reason why he did not wish to go forward (<u>see</u> Dkt. #60, Defs. Atty. Decl. ¶ 14).

However, a copy of plaintiff's January 11, 2007 letter was received by defense counsel on

January 22, 2007, when the Court forwarded  a copy of the letter to defense counsel (Dkt. #60,

¶9, Ex. C).  The better practice would have been for plaintiff, first, to send the letter to defense counsel, and, second, to raise his objections to proceeding with a corrections officer present by discussing it with defense counsel on the record during the January 16 deposition, rather than outright refusing to talk with her.

It is also troubling that plaintiff may have feigned adverse effects from the medication on January 11, 2007, in order to avoid conducting his deposition on that day. Plaintiff admits that he was "alert and fully aware of his surrounding's [*sic*] and was in no way impaired by any medications" on that date (Dkt. #61, Pl. Response, first unnumbered page).  The two corrections officers present in the visiting room testified that plaintiff appeared alert and coherent prior to the deposition (Dkt. #54, Guadagno Decl. ¶¶ 2-3; Dkt. #57, Sreniawski Decl. ¶ 2).  Even accepting as true plaintiff's claim that his medication caused negative side effects that hindered his ability to testify (cf. Dkt. #55, Heltz Decl. ¶¶ 3-6), had plaintiff been aware of his medication schedule and his reactions to that medication, he should have insisted upon another day to be deposed.   Nevertheless, there is no evidence that plaintiff's medical condition interfered with his ability to appear at the second deposition on January 16, and plaintiff's refusal to participate is unexcused.

The issue is whether the severe sanction of dismissal of an action, commenced by an inmate proceeding *pro se*, should occur because he failed to answer questions during two scheduled depositions.  Defendants cite Salahuddin v. Harris, No. 83 Civ. 1782, 1984 U.S. Dist. LEXIS 16685 (S.D.N.Y. May 15, 1984) (Sweet, J.), as precedent for dismissing a *pro se* prisoner's action for failing to participate in his deposition (Dkt. #53, Defs. Memo., p. 3).

However, <u>Salahuddin</u>, is distinguishable, and was later reversed by the Second Circuit.[3]  In <u>Salahuddin</u>, the plaintiff claimed that the deposition became "oppressive, . . . a burden, and an annoyance" and orally sought an order of protection.  <u>Id</u>. at *3-4.  The plaintiff believed that he "was entitled to delay his deposition pending receipt of answers to interrogatories which the record reveal[ed] had already been supplied to him."  <u>Id</u>. at *4.  While noting that if this were an "isolated instance or litigation error" by a *pro se* plaintiff, attorneys' fees and costs would be granted, but in view of the surrounding circumstances, including the plaintiff's conduct in filing 13 actions in the Southern District in two years, the District Court, <u>sua sponte</u>, dismissed the plaintiff's complaint.  <u>Id</u>. at *1, 5.  However, the  Second Circuit reversed this dismissal, noting, in part,  that the District Court erroneously believed that the defendants' answers to the plaintiff's interrogatories had been mailed before the deposition occurred.  <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1130 (2d Cir. 1986).

Courts have recognized that *pro se* litigants, especially prisoners, should be given "special solicitude" by the Court, <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988) (quoting <u>McDonald v. Head Criminal Court Supervisor</u>, 117 F.R.D. 55, 58 (S.D.N.Y. 1987) (Sweet, J.)), but also have refused to extend that solicitude to "wilful, obstinate refusal to play by the basic rules of the system upon whose very power plaintiff is calling to vindicate his rights," <u>McDonald</u>, 117 F.R.D. at 58; <u>McDonald</u>, 850 F.2d at 124 (quoting favorably from Judge Sweet's decision).  Here, plaintiff should still enjoy that "special solicitude" and be given one final opportunity to be deposed in this case.

---

[3] I note that if <u>Salahuddin</u> is shepardized on Lexis, it indicates no subsequent appellate history. However, when it is key cited on Westlaw, it reflects that it was overruled.

2.    **Rule 41**

Rule 41(b) sanctions are not available because the issue here is a discovery notice that plaintiff is disregarding.  Under Societe Internationale Pour Participations Industrielles et Comerciales v. Rogers, 357 U.S. 197, 207 (1958), there is no need to resort to Rule 41(b) when sanctions under Rule 37 exclusively govern discovery enforcement.  See Salahuddin, 782 F.2d at 1134; Gonzalez v. City of N.Y., 354 F. Supp. 2d 327, 347 (S.D.N.Y. 2005).  But even if we view plaintiff's actions as violating the Order granting defendants leave to depose plaintiff (Dkt. #40) and the Order denying the stay of plaintiff's deposition (Dkt. #48), applying the Peart standard, defendants have not shown that dismissal under Rule 41(b) is warranted.  While plaintiff twice delayed his own deposition and he was warned by defense counsel that his case may be dismissed if the deposition did not go forward, granting defendants' motion under Rule 41 at this stage would preclude the balancing the Court needs to undertake between its congested calendar and protecting plaintiff's due process rights.

Here, plaintiff apparently feigned illness to avoid the initially scheduled deposition, wrote to the Court (but not to opposing counsel) with his procedural objections to conducting that deposition in front of corrections officers, and then refused to participate (and refused to explain why he was refusing to participate) when the deposition was rescheduled.  While this conduct should not be repeated or countenanced, plaintiff's actions are not so extreme as to warrant dismissal of the action at this time.  Plaintiff is cautioned that further evasion or obstruction may change this result.  Arguing that counsel should have been appointed provides no basis for plaintiff's refusal to participate in discovery in his action.  See McDonald, 850 F.2d at 124-25, 123-24 (*pro se* plaintiff's action dismissed for failure to answer deposition questions,

despite Court Order).  Plaintiff's repeated application for appointment of counsel (see Dkt. #61,

Pl. Response, p. 2), is again denied at this time.

        Therefore, defendants' motion to dismiss this action for plaintiff's failure to

participate in his deposition is denied without prejudice.  Defendants' motion to compel that

deposition, however, is granted.

**B.**       **Plaintiff's Apparent Motion for Protective Order**

        Plaintiff in his letter motion seeks to conduct his deposition outside the presence

of corrections officers (see Dkt. #49).  Plaintiff's chief objections appear to be that he cannot

conduct his deposition while in the presence of corrections officers for fear of retaliation within

the facility, and that he requires the assistance of counsel to conduct this action, including his

deposition (see generally Dkt. #61).  However, defense counsel insists upon having security, and

Attica procedures require having corrections officers present during such visits (see Dkt. #60,

Defs. Atty. Decl. ¶ 20; Dkt. #54, Guardagno Decl. ¶ 5).  Such security measures are within the

discretion of the prison facility.  See Turner v. Safley, 482 U.S. 78, 84-85, 89 (1987) (quoting

Jones v. North Carolina Prisoners' Union, Inc., 433 U.S. 119, 128 (1977) (prison administrators

are to make judgments concerning institutional operations)).  This Court has recognized that the

Federal Rules of Civil Procedure do "not preclude the mere presence of Corrections Officers at

the plaintiff's deposition, despite [the fact] that this is a suit against other prison officials and

guards."  Campbell v. Coughlin, No. 91 CV 693, 1992 U.S. Dist. LEXIS 10307, at *2

(W.D.N.Y. June 5, 1992) (Elfvin, J.).  Plaintiff argues that the "booths" within the visiting room

provide adequate security, but I defer to the expertise of the Attica corrections officials as to the

appropriate means to ensure security in this instance (Dkt. #61, p. 3).  Moreover, the events

alleged in plaintiff's action arose in the Wende Correctional Facility, and plaintiff has not asserted any connection between that facility and the corrections officers at Attica to show possible retaliation.

Therefore, pursuant to defendants' alternative request (see Dkt. #53, p.5), plaintiff's deposition shall be conducted with adequate security present, as determined by the authorities at plaintiff's facility. Plaintiff's letter motion for a protective Order (Dkt. #49) is denied. Plaintiff shall appear for the deposition as scheduled and retains the right to lodge his objections to such questions that may be objectionable.[4] If plaintiff fails to appear at this deposition or refuses to answer questions in the setting as prescribed herein, he may be subject to further sanctions, including possible dismissal of his Amended Complaint. Should the need arise, the Court will make itself available via telephone during plaintiff's next deposition.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the Complaint (Dkt. #52) is denied, as well as his renewed application (see Dkt. #61, p. at 2) for appointment of counsel. Plaintiff's letter application, now deemed a motion for a protective order (Dkt. #49), is denied.

Additionally, because all the defendants named in the Amended Complaint (Dkt. #31) do not appear to have been served, the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon defendants Dlugokinski, Doyle, and Clark, without plaintiff's

---

[4] The parties' good faith, or lack thereof, in asking - or refusing to answer - questions at the next deposition may be considered by the Court in determining whether sanctions are warranted in the future.

payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.  Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the Amended Complaint.

All further discovery is stayed until the remaining defendants have answered the Amended Complaint.  A status conference will be conducted via telephone on June 14, 2007 at 10:00 a.m.  Defense counsel shall make arrangements for plaintiff's participation at this conference by telephone.  Once the remaining defendants answer the Amended Complaint, the Court will issue an Amended Scheduling Order that will address all deadlines, including plaintiff's deposition, which will proceed as directed herein.

SO ORDERED.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: Buffalo, New York
       March 23, 2007